

**SO ORDERED.**

**SIGNED this 27 day of April, 2010.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                                CASE NO. 10-11186
RANDY LEE CARR
NANCY LYNN CARR
    Debtor(s)                                          CHAPTER 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The chapter 13 plan in this case or summary thereof having been transmitted to scheduled creditors, and it having been determined that the plan as finalized complies with 11, U.S.C. §1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached is confirmed.
2. Property of the estate does not vest in the debtor(s) until completion of the plan.
3. Attorney for the debtor(s) is awarded the fee set forth in the plan, to be paid by the chapter 13 trustee through the plan.
4. All pending objections, if any, to confirmation are resolved, withdrawn, or overruled.
5. Upon request by the trustee pursuant to 11 U.S.C. § 521(f)(1), the debtor(s) shall file with the court, at the same time filed with the taxing authority, a copy of each federal income tax return required under applicable law (or, at the election of the debtor(s), a transcript of such tax return) with respect to each tax year of the debtor(s) ending while the case is pending under chapter 13. Alternatively, the debtor(s) may submit the aforesaid documents directly to the trustee instead of filing them with the court.

                                                                           ###

Approved for Entry By:
/s/ C. Kenneth Still _____
C. Kenneth Still, Trustee
P.O. Box 511, Chattanooga, TN 37401
(423) 265-2261

LOCAL FORM 3015.1          1:10-bk-11186

## United States Bankruptcy Court
### EASTERN DISTRICT OF TENNESSEE

In re  **Randy Lee Carr**
**Nancy Lynn Carr**
_____
Debtor(s)

Case No. __10-11186__
Chapter __13__

### CHAPTER 13 PLAN

☒ *Original* ☐ *Amended*

Dated: __February 15, 2010__

**1. Payments and Term.**
The debtor will pay the chapter 13 trustee $ __945.00 Biweekly__ for __60__ months by __wage order__ and the following additional monies: __tax refunds__.

**2. Priority Claims (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of $ __3,000.00__, less $ __0.00__ previously paid by the debtor.
(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the filed claim.

**3. Secured Claims.**
(a) *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| Americredit | 2006 Dodge Ram 1500 57,800 miles | $20,721.00 | $413.00 | 7.25% |
| Freedom Road Financial | 1996 Harley-Davidson Road/Street FLSTC | $6,312.00 | $126.00 | 7.25% |

(b) *Surrender.* The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

| Creditor | Collateral to Be Surrendered |
|---|---|
| -NONE- | |

(c) *Long-Term Mortgages.* The holders of the following mortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment By: (Trustee or Debtor) |
|---|---|---|---|---|---|
| BAC/Countrywide | | | | $1087.00 | Trustee |

(d) *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**
(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid: __20__ %.

(b) *Post-petition.* Claims allowed under 11 U.S.C. § 1305 will be paid as ordered by the court.

1:10-bk-11186

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

*Other Party to Contract*          *Property Description and Treatment by Debtor*
**-NONE-**

**6. Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

/s/ Amanda M. Stofan
**Amanda M. Stofan**
**6025 Lee Highway**
**Suite 101**
**Chattanooga, TN 37421**
**(423) 893-8340**
**TN 024734**